FILED
2007 Aug-13  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA AND JAMES MABRY,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:07-CV-1042-VEH** |
| | ) |
| **CitiMortgage, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Before the court is the Defendant, CitiMortgage, Inc.'s ("CitiMortgage"), Motion to Dismiss the Plaintiffs' Amended Complaint (doc. 4) and the Plaintiffs' proposed Third Amended Complaint (doc. 6), which the courts deems a Motion for Leave to File a Second Amendment to Complaint.

On August 7, 2007, a hearing was held before the undersigned, during which the Plaintiffs and the Defendants, including the law firms that Plaintiffs sought to add, presented oral arguments as to their respective positions on the pending motions.

For the reasons set forth herein, the Motion to Amend is due to be **DENIED.** As a result, neither Sirote & Permutt, P.C., ("Sirote & Permutt") nor Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., ("Baker, Donelson") is a party to this action.

The Motion to Dismiss is due to be **GRANTED**.  Specifically, all claims of the Plaintiffs against CitiMortgage, are **DISMISSED WITHOUT PREJUDICE**. Further, the Plaintiffs are hereby **GRANTED LEAVE** to file, no later than September 7, 2007, a document entitled Third Amendment to Complaint setting out, in such document, with specificity, any claim they wish to make against CitiMortgage,[1] under the Fair Credit Reporting Act ("FCRA").  Plaintiffs must allege in such document (if they choose to file it) all <u>facts</u> which they assert support any such claim under the FCRA and must attach to such document copies of all correspondence they sent to or received from the Credit Bureau that relate to the Plaintiffs' FCRA claim.

## I.   PROCEDURAL HISTORY

The Plaintiffs filed this action in the Jefferson County Circuit Court on March 1, 2007.  (doc. 1, exh. A, pp. 5-7).  In their original complaint, the Plaintiffs asserted claims against the CitiMortgage and Sirote & Permutt, attorneys for CitiMortgage. (Id.).  The complaint contained several allegations of misconduct by these defendants surrounding CitiMortgage's attempts to foreclose on certain property owned by the

---

[1]  The court explained at the hearing, and counsel for all and proposed Defendants agreed, that any actions allegedly taken by either Sirote & Permutt or Baker, Donelson were done as authorized agents of CitiMortgage.  Thus, the court considered Plaintiff's allegations relating to Sirote & Permutt or Baker, Donelson in analyzing Plaintiffs' claims against CitiMortgage.

Plaintiffs.  (Id.).

On May 16, 2007, the Plaintiffs filed an Amendment to Complaint, in which they alleged that the Defendants (CitiMortgage and Sirote & Permutt) had violated the Federal Trade Commission Rules and the Corporate Social Responsibility Act. (doc. 1, exh. A, pp. 50-52).

On May 18, 2007, the Plaintiffs' claims as to Sirote & Permutt were dismissed with prejudice.  (doc. 1, exh. A, pg. 41).  On June 5, 2007, CitiMortgage removed the action to this court on the basis of diversity jurisdiction.[2] (doc. 1).

On June 18, 2007, CitiMortgage filed the pending Motion to Dismiss the complaint, as amended on May 16, 2007.  (doc. 4).  CitiMortgage argued that the amended complaint failed to allege a sufficient factual basis for any of the claims asserted therein, and that CitiMortgage could not determine, based on the Plaintiffs' claims, how it had violated any  laws.

On July 11, 2007, the Plaintiffs filed their proposed Third Amended Complaint, which, as explained *supra*, the court deems a Motion for Leave to File a Second Amendment to Complaint.  (doc. 6).

---

[2]  Pursuant to 28 U.S.C. § 1332(a), CitiMortgage asserted diversity jurisdiction based on the complete diversity of citizenship of the parties (CitiMortgage is a New York corporation and the Plaintiffs are Alabama citizens) and the Plaintiffs' claim for compensatory damages of "at least five hundred thousand dollars," in addition to punitive damages.  (doc. 1, exh. A, pg. 52).

## II.   STANDARD OF REVIEW

### 1.   Motion for Leave to Amend

Pursuant to FED. R. CIV. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  "Leave to amend a complaint shall be freely given when justice so requires."  *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11ᵗʰ Cir. 1992).  However, leave should be denied "in the presence of counter vailing factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."  *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite the "freely given" language of Rule 15(a), leave to amend can be denied on grounds such as undue delay, prejudice, or futility); *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11ᵗʰ Cir. 2004) (a court may deny leave to amend if it is found that the proposed amendment is futile).

4

T decide whether an amendment is futile, the Eleventh Circuit determines whether, as amended, the complaint would still be subject to dismissal for failure to state a claim. *See, e.g.*, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend is justified by futility when the "complaint as amended is still subject to dismissal").  "When a district court denies the plaintiff leave to amend due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Food, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).

The Eleventh Circuit "reviews the denial of a motion to amend a complaint for abuse of discretion." *Steger v. General Electric Company*, 318 F.3d 1066, 1080 (11th Cir. 2003).  *See also Henson v. Columbus Bank and Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings have been filed").

## 2.    Motion to Dismiss – FED. R. CIV. P. 12(b)(6)

A motion to dismiss under 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . , a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)). However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.

In deciding a Rule 12(b)(6) motion, the court "must accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369

6

(11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnson*, 376 F.2d 43 (5th Cir. 1967)). "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is ...'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

## III.    ANALYSIS

### A.    Motion for Leave to Amend

The Plaintiffs have filed three separate complaints in this action. (doc. 1, exh. A, pp. 5-7; doc. 1, exh. A, pp. 50-52; doc. 6). At the hearing before the undersigned on August 7, 2007, the court explained that it would construe all three documents as one complaint.

The court finds, and the Defendants expressly agreed, that the May 16, 2007 amendment was allowed in state court and was part of the pleadings when this action was removed. Therefore, the issue before this court is whether to allow the Plaintiffs to further amend their complaint. The court finds that the additions in the proposed second amendment to the complaint (doc. 6) simply provide more detail about the allegations that the Plaintiffs had already made, and add a laundry list of Federal statutes. CitiMortgage, Sirote & Permutt, and Baker, Donelson have responded by

7

opposing leave to allow the second amendment.

However, as explained below, any attempt to add claims against Sirote & Permutt or Baker, Donelson would be futile.  Therefore, to the extent that the Plaintiffs seek to add claims against either of these law firms, the Motion is due to be denied.  Further, as explained below, the court finds that, even if the amendment were allowed, the complaint would still fail to allege any claim against CitiMortgage.[3] Therefore, the Motion is due to be **DENIED**.

2.     **Motion to Dismiss**

   A.     **Attempted claims against Sirote & Permutt and Baker, Donelson**

In the complaint as amended by the Second Amendment to Complaint (doc. 6), the Plaintiffs seek to add as defendants Sirote & Permutt and Baker, Donelson for their involvement in CitiMortgage's alleged misconduct.  However, because the Plaintiffs' claims arise out of their contractual relationship with CitiMortgage, Inc., and not out of any contract between the Plaintiffs and Sirote & Permutt or Baker, Donelson, the court finds that it would be futile to allow Plaintiffs to amend their

---

[3] Counsel for CitiMortgage, Inc., stated that allowing the second amendment would not change the analysis of CitiMortgage's pending Motion to Dismiss.  Sirote & Permutt and Baker, Donelson did not file motions to dismiss per se, but they certainly argued that they should not be added and those arguments were set out in their respective oppositions to the Plaintiffs' Motion for Leave to Amend.

complaint to add these law firms as defendants.  *See Patterson v. Powell, Goldstein, Frazer & Murphy, LLP*, 2005 WL 2450188 (N.D.Ala., 2005) (Bank employee who was discharged from his position with bank based on recommendations of law firm hired by bank's audit committee to investigate possible misconduct at bank, not being party to contract between audit committee and law firm, had no cause of action under Alabama law for any breach of this contract by law firm, even assuming that there was such a breach.).  Moreover, the factual allegations that reference these law firms have been considered by the court in assessing the Plaintiffs' claims against CitiMortgage.

### B.    FTCA, TILA, ECOA, FCRA claims

CitiMortgage argues in its Motion to Dismiss that the Plaintiffs' federal law claims must fail.  In their Amended Complaint, the Plaintiffs allege that CitiMortgage has violated the Federal Trade Commission Rules.  (doc. 1, exh. A, pg. 50).  The Second Amendment to Complaint (doc. 6) seeks to clarify this claim by alleging that CitiMortgage has violated the Federal Trade Commission Act, the Truth in Lending Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act.  (doc. 6, ¶ 1).  However, the code sections which the Plaintiffs allege were violated by CitiMortgage do not provide a private right of action.  *See Lingo v. City of Albany Dept. of Community & Economic Development*, 195 Fed.Appx. 891 at * 2 (11th Cir.

9

2006) (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 n. 6 (5th Cir.1977)) (enforcement of Federal Trade Commission Act is "in the hands of the administrative agency, and not the private citizen"); 15 U.S.C. § 1607(c) (enforcement of the Truth in Lending Act delegated to Federal Trade Commission); and 15 U.S.C. § 1691c(c) (same as to the Equal Credit Opportunity Act).  As the Plaintiffs lack standing to assert claims under these code sections, the Motion to Dismiss the Plaintiffs' claims under these Acts is due to be **GRANTED**.  Moreover, to the extent the Plaintiffs simply conclude that CitiMortgage violated these Acts, the complaint fails to meet the pleading requirements set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").  The complaint contains very little, if any, factual basis for the Plaintiffs' conclusion that CitiMortgage has violated these statutes in any manner that supports a private cause of action.  Hence, these claims are due to be dismissed.

### C.   Attempted State law claims

Additionally, the Motion to Dismiss is due to be **GRANTED** as to the Plaintiffs' libel and slander claims.  The Plaintiffs have failed to allege any factual basis for these claims.  To establish a defamation claim under Alabama law, a plaintiff must prove:  (1) a false and defamatory statement concerning the plaintiff;

(2) an unprivileged communication of that statement to a third party; (3) fault amounting at least to negligence on part of the defendant; and (4) either actionability of statement irrespective of special harm or the existence of special harm caused by publication of the statement. *McCaig v. Talladega Publishing Co.*, 544 So.2d 875, 877 (Ala. 1989) (citing Restatement (2d) of Torts § 558 (1977)); *see also Wyatt v. BellSouth, Inc.*, 998 F.Supp. 1303, 1312 (M.D.Ala. 1998).

Similar to their federal law claims, by merely concluding that CitiMortgage has libeled or slandered the Plaintiffs, the complaint fails to meet the pleading requirements set forth by the Supreme Court in *Twombly*, 127 S.Ct. at 1974. Because the complaint contains no facts to support the Plaintiffs' libel and slander claims, under the reasoning of *Twombly*, these claims are due to be dismissed.

To the extent the Plaintiffs allege "infliction of emotional distress," no such cause of action exists under Alabama law. While a claim of intentional infliction of emotional distress may constitute the tort of outrage, which is recognized in Alabama, the Plaintiffs do not allege misconduct by CitiMortgage, Inc., that rises to the level of severity sufficient to sustain a claim of outrage. "The Alabama Supreme Court has indicated that there are [only] three limited circumstances under which a claim of outrage[ ][ ] can go to the jury: cases having to do with wrongful conduct in the context of family burials; cases where insurance agents employed heavy-handed,

barbaric means to coerce a settlement; and cases involving egregious sexual harassment." *Carter v. Harris,* 64 F.Supp.2d 1182, 1194 (M.D. Ala. 1999) (citing *Thomas v. BSE Indus. Contractors, Inc.*, 624 So.2d 1041, 1044 (Ala. 1993)) (enumerating the categories set forth above and stating that the Alabama Supreme Court "has held in a large majority of the outrage cases reviewed that no jury question was presented"). After a careful examination of the complaint as amended, the court finds that Plaintiffs' allegations do not fall within any of these recognized categories. Therefore, the court finds that Plaintiffs have failed to articulate sufficient factual circumstances that would allow this claim to go forward.

If the Plaintiffs' claim for infliction of emotional distress is for <u>negligent</u> infliction, then they have not stated a cause of action recognized under Alabama law. *See Gideon v. Norfolk Southern Corp.*, 633 So.2d 453 (Ala. 1994) (holding that there is no cause of action for negligent infliction of emotional distress).

At the hearing, the court explained that the only colorable claim asserted in the complaint is a potential breach of contract claim. When asked by the court, the Plaintiffs stated that they have attempted to assert a claim for wrongful foreclosure of their property. If the Plaintiffs have asserted a breach of contract claim, the court finds it can be based only on this wrongful foreclosure claim.

However, a claim for wrongful foreclosure may not be asserted unless a

foreclosure has occurred. *Hardy*, 2007 WL 174391 at * 6 ("In the absence of any Alabama authority to the contrary," the reasoning of the Mississippi Supreme Court in *McKinley v. Lamar Bank*, 919 So.2d 918, 930 (Miss.2005) ( "[t]here was no wrongful foreclosure because there was never a foreclosure at all"), and the Missouri Supreme Court in *Reese v. First Missouri Bank and Trust Co. of Creve Coeur*, 736 S.W.2d 371, 373 (Mo.1987) (same) is persuasive.). CitiMortgage has stipulated, and the Plaintiffs do not dispute, that any foreclosure proceedings that were commenced prior to this action have been stayed pending this litigation. Moreover, the Plaintiffs do not allege that any foreclosure actually occurred. Hence, any breach of contract claim based on the wrongful initiation of foreclosure proceedings fails as a matter of law and is due to be dismissed.

Construing all three of these documents as a single complaint, the court recognizes no cognizable claim asserted by the Plaintiffs against CitiMortgage Therefore, the Motion to Dismiss filed by CitiMortgage is due to be **GRANTED** as to all claims.

### D.    Leave to Amend to Add FCRA claims

The Plaintiffs stated at the hearing that they are attempting to assert a claim for violation of the Fair Credit Reporting Act. However, the Plaintiffs may not assert a claim under the Fair Credit Reporting Act without demonstrating that they have

reported their grievance to the Credit Bureau. *See Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F.Supp.2d 1275, 1289 (M.D.Ala. 2001) ("[A] furnisher of information has no duty under § 1681s-2(b) until a consumer reporting agency, and not a consumer, provides notice to the furnisher of information of a dispute."). At the hearing, the Plaintiffs stated that they had reported their grievance to the Credit Bureau. Therefore, as discussed *supra*, the court will grant the Plaintiffs leave to file, no later than September 7, 2007, a document entitled Third Amendment to Complaint setting out, in such document, with specificity, any claim they wish to make against CitiMortgage under the Fair Credit Reporting Act ("FCRA"). Plaintiffs must allege in such document (if they choose to file it) all <u>facts</u> which they assert support any such claim under the FCRA and must attach to such document copies of all correspondence they sent to or received from the Credit Bureau that relate to the Plaintiffs' FCRA claim.

## IV.   CONCLUSION

For the reasons explained *supra*, the Plaintiffs' claims under the Federal Trade Commission Act, the Truth in Lending Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act are due to be dismissed without prejudice. Additionally, the Plaintiffs' libel and slander, outrage, and wrongful foreclosure/breach of contract claims are due to be dismissed without prejudice. All

14

claims against Baker, Donelson or Sirote & Permutt are disallowed and they are <u>not</u> parties to this action.  The Plaintiffs are granted leave to amend their complaint again only to assert that they have contacted the Credit Bureau in connection with their Fair Credit Reporting Act claim.  If the Plaintiffs do not amend their complaint again by September 7, 2007, CitiMortgage's counterclaims will be dismissed by Order of the court.[4]

A separate Order will be entered.

**DONE** this the 13th day of August, 2007.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4]  At the hearing, counsel for CitiMortgage stipulated that, if all of the Plaintiffs' claims against it were dismissed and no amendments to their complaint were filed, CitiMortgage would withdraw its breach of contract counterclaim against the Plaintiffs.